PHILLIP A. TALBERT
United States Attorney
LAURA JEAN BERGER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:21-CR-00291-JLT-SKO |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| BOBBY HOOD, | DATE: June 15, 2022 |
| Defendant. | TIME: 1:00 p.m. COURT: Hon. Sheila K. Oberto |

## BACKGROUND

This case is set for a status conference on June 15, 2022.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020, . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has

1

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is

1    detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

2    speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

3    population that is particularly susceptible to complications if infected with the virus; (5) the seriousness

4    of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

5    (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed;

6    and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

7         In light of the foregoing, this Court should consider the following case-specific facts in finding

8    excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

9    (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United*

10   *States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

11   "specifically limited in time").

12                                    **STIPULATION**

13        Plaintiff United States of America, by and through its counsel of record, and defendant, by and

14   through defendant's counsel of record, hereby stipulate as follows:

15        1.    By previous order, this matter was set for status conference on June 15, 2022.

16        2.    By this stipulation, defendant now moves to continue the status conference until

17   September 21, 2022, and to exclude time between June 15, 2022, and September 21, 2022, under 18

18   U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

19        3.    The parties agree and stipulate, and request that the Court find the following:

20             a)    The government has represented that the discovery associated with this case

21   includes investigative reports and related documents in electronic form, including reports from

22   several law enforcement agencies, photos, and body camera footage.  All of this discovery has

23   been either produced directly to counsel and/or made available for inspection and copying.

24             b)    Counsel for defendant desires additional time to consult with his client, to conduct

25   investigation and research related to the charges, to review discovery for this matter, to discuss

26   potential resolutions with his client, and to otherwise prepare for trial.

27             c)    Counsel for defendant believes that failure to grant the above-requested

28   continuance would deny him the reasonable time necessary for effective preparation, taking into

account the exercise of due diligence.

      d)      The government does not object to the continuance.

      e)      In addition to the public health concerns cited by the General Orders and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the defendant has not invoked speedy trial rights since the case's inception.

      f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 15, 2022 to September 21, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

    IT IS SO STIPULATED.


Dated:  June 8, 2022                 PHILLIP A. TALBERT
                                  United States Attorney

                                  /s/ LAURA JEAN BERGER
                                  LAURA JEAN BERGER
                                  Assistant United States Attorney


Dated:  June 8, 2022                 /s/ HARRY DRANDELL
                                  HARRY DRANDELL
                                  Counsel for Defendant
                                  BOBBY HOOD

1

2

3                                    **ORDER**

4         IT IS SO ORDERED.

5

6

7

8    DATED: 6/8/2022                  *Sheila K. Oberto*
                                      THE HONORABLE SHEILA K. OBERTO
9                                     UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28